ARMOR *vs*. LEWIS.

APPEAL FROM THE COURT OF THE NINTH DISTRICT, FOR THE PARISH OF MADISON, JUDGE DAVIS PRESIDING.

Where the certificate of the notary, at the foot of an act of mortgage, states it is *a true copy*, it is sufficient when the seal is also affixed, although the notary does not say, "it is given under his hand and seal."

A demand of payment of the "proper book-keeper," at the bank where the notes are made payable, is sufficient.

The defendant complains with a bad grace of credits allowed in a petition for an order of seizure. If full credits are given, the seizure and sale will be allowed to proceed.

This is an action against the defendant as maker of three promissory notes, payable to and endorsed by B. G. Tenny, Esq., and secured by mortgage on a plantation and slaves, in the parish of Madison.

The plaintiff shows that there has been several payments made and credits given to the defendant, but that there is a balance of five thousand seven hundred and sixty dollars yet due, for the payment of which, he prays an order of seizure and sale against the mortgaged property.

An order of seizure and sale issued accordingly, from which the defendant appealed.

*Bemiss*, for the appellant, assigned various errors as apparent on the face of the record, and argued to show that, for these reasons, the order of seizure should be set aside.

2. He insisted that the demand of the plaintiff was entirely unsettled and unliquidated, and could not be proceeded on in the *via executiva;* that there was a running account and various payments made, all of which required settlement before the balance could be ascertained.

*Stacy*, for the plaintiff and appellee, insisted that from the face of the papers and assignment of errors, it was evident the

WESTERN DIST.
October, 1840.

appeal was frivolous and only taken for delay, he prayed the affirmance of the judgment with damages.

ARMOR
vs.
LEWIS.

*Simon, J.,* delivered the opinion of the court.

The defendant is appellant from an order of seizure and sale, and assigns as errors apparent on the face of the record: 1st. That there is no legal and authentic evidence of the execution of the mortgage alleged in plaintiff's petition, as the certificate of the notary, at the foot of the copy of the act of mortgage, does not appear to be given under his hand and *seal.*

2d. That there is no sufficient evidence of a legal presentment and demand, at the place of payment of the notes sued on.

3d. That an unsettled account exists between the parties, and, from plaintiff's own showing, there should have been a settlement of this account before enforcing payment of the notes.

Where the certificate of the notary at the foot of an act of mortgage, states it is *a true copy,* it is sufficient when the seal is also affixed, although the notary does not say, "it is given under his hand and seal."

I. The seal of the notary appears to have been affixed to the copy of the act annexed to plaintiff's petition, but the notary does not certify that he did affix it. According to *article* 2247, of the *Louisiana Code,* it is sufficient that a copy of a notarial act be certified to be *a true copy* from the original; and so certified, it makes proof of what is contained in the original. Here the seal was affixed, and so the record shows, and we are not ready to say that there was any necessity to mention it in the certificate.

A demand of payment of the "proper book-keeper," at the bank where the notes are made payable, is sufficient.

II. The notary states in his protest, that "he presented the notes to the proper book-keeper at the Bank of Orleans, in New-Orleans, where the same were made payable, and demanded payment thereof, &c.;" we are of opinion that this is a sufficient presentment and demand at the place of payment of said notes.

The defendant complains with a bad grace of credits allowed in a petition for an order of seizure. If full credits are given the seizure and sale will be allowed to proceed.

III. It seems to us that the defendant complains with bad grace of the credit which the plaintiff has allowed him in his petition, for although the account was, as he says, unsettled and unliquidated, plaintiff gave him full credit on the notes, and sued him only for the balance due thereon, after deduct-

ing the amount of said account. This objection is certainly untenable.

On the whole, we think this appeal was taken for delay, and we are disposed to allow the appellee five per cent. damages, as his claim already bears ten per cent. interest.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs and five per cent. damages, as for a frivolous appeal.